IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WARREN INN HALTOM CITY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-00932-O-BP |
| | § | |
| **JOHNNY TYSON, II,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Johnny Tyson, II attempted to remove this case from the County Court at Law Number One of Tarrant County, Texas, Cause No. 2025-005600-1, under 28 U.S.C. §§ 1331, 1441, and 1443, on August 27, 2025. ECF No. 1.

By Order dated October 10, 2025, the Court noted several deficiencies in Tyson's Notice of Removal and required him to file an amended Notice of Removal that complied with the requirements of 28 U.S.C. § 1446(a) and Local Civil Rule 81.1. ECF No. 10. Among these requirements, Tyson had to "provide . . . to the clerk for filing: . . . a copy of the docket sheet in the state court action." L.C.R. 81.1(a). On October 17, 2025, Tyson filed an amended Notice of Removal, which included a copy of that state court docket sheet. ECF No. 11 at 11-13.

This case is an eviction case that began on June 26, 2025 when Plaintiff Warren Inn Haltom City Ltd. d/b/a Acacia Apartments ("Acacia Apartments") filed its petition in the Justice Court, Precinct 1 of Tarrant County, Texas. ECF No. 11-1 at 3-4. Acacia Apartments served Tyson with eviction papers six days later on July 2, 2025. *Id.* at 26. The justice court awarded judgment for Acacia Apartments on July 10, 2025, ECF No. 11 at 11, and Tyson appealed to the County Court at Law Number One of Tarrant County on July 23, 2025. *Id.* at 67. The county court at law too

awarded judgment for Acacia Apartments on August 27, 2025. *Id.* at 71. Tyson then filed a Notice of Removal in this Court on the same day. ECF No. 1. That removal was untimely.

Under 28 U.S.C. § 1446, a party removing a case to federal court mut file "[t]he notice of removal of a civil action or proceeding . . . within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The state court record Tyson included in his amended Notice of Removal confirms that the date Tyson received a copy of Acacia Apartments' initial eviction petition was July 2, 2025. ECF No. 11-1 at 26. Thirty days beyond that date set a removal deadline for August 1, 2025. August 27 was twenty-six days overdue

Under Texas law, forcible detainer actions must be brought in the state justice courts because those courts have exclusive, original jurisdiction over eviction suits. Tex. Prop. Code § 24.004(a) (West 2025). On appeal, an eviction case proceeds to the county court, which hears the case *de novo*. Tex. R. Civ. P. 510.9(c)(3). But this process does not launch a new case. Instead, the county court case is merely a continuation of the same justice court case that started the thirty-day removal clock ticking at the moment of service. *See Wells Fargo, N.A. v. Anderson*, No. 3:11-cv-024-K, 2011 WL 1135121, at *2 (N.D. Tex. Mar. 28, 2011) ("This situation always makes a forcible detainer suit in Texas state county court a supplemental or incidental suit to the original action in justice of the peace court."); *id.* ("The thirty-day time limit for removal begins to run from service of the justice of the peace suit."); *see also Deutsche Bank Nat't Tr. Co. v. Lee*, No. 3:10-cv-2143-L, 2010 WL 5441673, at *2 (N.D. Tex. Dec. 23, 2010); *Churchloans.com v. Johnson*, No. 3:12-cv-1681-N-BH, 2012 WL 5392182, at *3 (N.D. Tex. Oct. 4, 2012), *rec. accepted*, No. 3:12-cv-1681-N, 2012 WL 5389681 (N.D. Tex. Nov. 5, 2012).

In his amended Notice of Removal, Tyson complains that he "was denied rights secured by federal law in state proceedings where verified filings were ignored and constitutional objections unacknowledged," ECF No. 11 at 2, that the state "eviction judgment rests on defective service and refusal to honor federal tender, resulting in deprivation of property without due process," *id.* at 3, and that "state actors . . . burden[ed] [] [his] free-exercise rights protected by the First Amendment." *Id.* at 4. Resultantly, he argues that removal was timely because he filed within thirty days of August 27, 2025, the date of the county court at law judgment that Tyson contends the state court erred in making. ECF No. 11 at 2. But this is incorrect.

Even if such allegations created a basis for removal under 28 U.S.C. §§ 1331, 1441, or 1443, August 27 is still not a point of reference at which Tyson "first [] ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). This is because as between Acacia Apartments and Tyson, the case only involves "unpaid rent as grounds for eviction." ECF No. 11-1 at 3. Tyson does not present an argument suggesting that Acacia Apartments' claim against him presented a federal question or alleged a civil rights violation. *See generally* ECF No. 11; *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001) ("Because the defendant[] invoked the removal jurisdiction of the district court, [he] bore the burden of establishing jurisdiction."). Tyson appears to suggest that this Court's jurisdiction later emerged due to the state court system's alleged constitutional errors, but these would not affect the removal jurisdiction of Acacia Apartments' claim for unpaid rent.

Resultantly, the clock for removal began ticking on the date Acacia Apartments served Tyson. *Anderson*, 2011 WL 1135121, at *2. That was July 2, 2025. ECF No. 11-1 at 26. Thirty days beyond that date set a removal deadline for August 1, 2025. *See* 28 U.S.C. § 1446(b)(1). August 27 was therefore twenty-six days overdue, and Tyson's Notice of Removal was untimely.

For this reason alone, remand is required. *Deutsche Bank Nat'l Tr. Co. v. Sawyer*, No. 3:10-cv-1562-O, 2010 WL 4511021, at *2 (N.D. Tex. Oct. 12, 2010), *rec. accepted*, No. 3:10-cv-1562-O, 2010 WL 4474411 (N.D. Tex. Nov. 1, 2010).

However, even were removal timely, removal is altogether inappropriate. The state court adjudicated the case Tyson now attempts to remove, and Tyson attempted to remove it after that adjudication. ECF No. 11 at 71; ECF No. 1 at 1. But the Court does not have occasion to review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Tyson "seek[s] in substance . . . appellate review of the state court judgment in a United States district court[] based on the losing party's claim that the state judgment itself violates the loser's federal rights," longstanding precedent bars the present case in this Court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 314 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Accordingly, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **REMAND** the case to the County Court at Law Number One of Tarrant County, Texas, from whence it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on October 23, 2025.

                                          Hal R. Ray, Jr.
                                          UNITED STATES MAGISTRATE JUDGE